RANDALL P. MROCZYNSKI, ESQ. (State Bar No. 156784)
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100
Facsimile:  (714) 431-1145

Attorneys for Plaintiff
FORD MOTOR CREDT COMPANY LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>JOHN FRANCIS STEPHENS,<br><br>    Debtors. | Case No.: 6:22-bk-12796-SY<br><br>Adversary No.:<br><br>Chapter 7 |
| FORD MOTOR CREDIT COMPANY LLC<br><br>    Plaintiff,<br><br>v.<br><br>JOHN FRANCIS STEPHENS<br><br>    Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6)** |

Plaintiff FORD MOTOR CREDIT COMPANY LLC (hereinafter "Plaintiff") hereby alleges as follows:

**JURISDICTION AND VENUE**

1.  This Complaint is filed under Fed. R. Bankr. P. 7001.  The action arises under 11 U.S.C. §523.  This is a core proceeding under 28 U.S.C. §157(b)(2)(I).  This proceeding relates to the Chapter 7 case of *In re John Francis Stephens*, Bankruptcy Case No. 6:22-bk-12796-SY pending before the United States Bankruptcy Court for the Central District of California, Riverside Division.

2.  The Court has jurisdiction over this matter under 28 U.S.C. §1334 and by virtue of the filing by Defendant JOHN FRANCIS STEPHENS (hereinafter "Defendant") of a voluntary petition

1

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

2505.8347   3884467.1

Case 6:22-ap-01088-SY    Doc 1    Filed 10/25/22    Entered 10/25/22 11:50:00    Desc
Main Document    Page 2 of 6

under chapter 7 of the United States Bankruptcy Code on July 26, 2022 (the "Petition Date"), which case remains pending before this Court.

## PARTIES

3. Plaintiff is, and at all times herein mentioned was, a Delaware limited liability company duly authorized and licensed to do business in the State of California. Plaintiff was and is a pre-petition creditor of the Defendant's estate.

4. Upon information and belief, Defendant is an individual residing in the city of Palm Springs, County of Riverside, State of California. Defendant is the debtor in the above-captioned chapter 7 case.

## FACTUAL ALLEGATIONS

5. On or about November 16, 2021 at Fontana, California, Defendant and Sunrise Ford entered into a Retail Installment Sale Contract (the "Contract") pursuant to which Plaintiff agreed to purchase a 2021 Ford Mustang, Vehicle Identification No. 1FATP8FF2M5129603 (the "Vehicle"). The Contract was assigned to Plaintiff in the ordinary course of Plaintiff's and Sunrise Ford's business.

6. Pursuant to the Contract, Defendant granted Plaintiff, as assignee, a security interest in the Vehicle as well as in all proceeds of the Vehicle including, but not limited to, any proceeds of insurance on the Vehicle, to secure Defendant's indebtedness to Plaintiff. Pursuant to the Contract, Defendant promised to maintain a policy of physical damage insurance covering loss of or damage to the Vehicle for the term of the Contract. Per the Contract's terms, said policy of insurance was specifically required to cover Plaintiff's secured interest in the Vehicle.

7. On or about May 3, 2022, Defendant was involved in a motor vehicle collision that resulted in extensive damage to the Vehicle. The Vehicle was delivered to Palm Springs Motors ("Motors") in Cathedral City, California for the purpose of repairing the Vehicle. Motors prepared a repair estimate in the amount of $19,027.25. An insurance claim was initiated by Defendant with State Farm Insurance Company ("State Farm"), the Vehicle's insurer, for purposes of repairing the Vehicle.

2

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

2505.8347   3884467.1

8.  Unbeknownst to Plaintiff, Defendant had failed to inform State Farm of Plaintiff's lien on the Vehicle and to have Plaintiff listed as an additional insured or loss payee of the insurance proceeds under the State Farm policy.

9.  Plaintiff is informed and believes and thereon alleges that on or about May 12, 2022, and prior to the filing of this bankruptcy case, State Farm issued a check for repairs to the Vehicle in the amount of $11,925.41 which, at Defendant's direction, (1) was not made to the order of Motors or to Plaintiff but rather was made solely to Defendant's order and (2) was delivered by State Farm directly to Defendant and not Motors. Plaintiff is informed and believes and thereon alleges that rather than endorse and deliver the above-described check to Motors for the purpose of repairing the Vehicle, Defendant instead negotiated the subject insurance proceeds check and utilized Plaintiff's insurance proceeds for Defendant's own personal purposes. Plaintiff is informed and believes and thereon alleges that between May 12, 2022 and the Petition Date, Defendant dissipated most or all of the above-described insurance proceeds of Plaintiff since Debtor's schedules filed in this case indicate that Defendant had no cash and only $163.22 on account as of the Petition Date.

10. Plaintiff is informed and believes and thereon alleges that on or about September 26, 2022, and subsequent to the filing of this bankruptcy case, State Farm issued a second supplemental check for repairs to the Vehicle in the amount of $4,821.00 which, once again, at Defendant's direction, (1) was not made to the order of Motors or to Plaintiff but rather was made solely to Defendant's order and (2) was delivered by State Farm directly to Defendant and not Motors. Plaintiff is informed and believes and thereon alleges that rather than endorse and deliver the above-described supplemental check to Motors for the purpose of repairing the Vehicle, Defendant instead negotiated the subject insurance proceeds check and utilized Plaintiff's insurance proceeds for Defendant's own personal purposes.

11. Defendant has paid nothing to Motors for repair of the Vehicle and has not replenished any of the insurance proceeds securing Plaintiff's indebtedness. Instead, Defendant has absconded with the entirety of the $16,746.41 of insurance proceeds leaving Defendant in the position of either

paying for the repairs to the Vehicle itself or taking possession of and selling the Vehicle for scrap value in its current condition.

### FIRST CAUSE OF ACTION

### (11 U.S.C. §523(a)(2)(A))

12. Plaintiff restates the allegations contained in the foregoing paragraphs and incorporates them herein by this reference.

13. Plaintiff is informed and believes, and thereon alleges Defendant undertook the above-described actions by way of false pretenses, false representations and/or actual fraud and with no intention of utilizing Plaintiff's insurance proceeds to repair the Vehicle but, rather, with the intent to direct State Farm to issue the insurance proceeds checks solely to Defendant such that Defendant could abscond with and divert said insurance proceeds to his own purposes.

14. Defendant reasonably and justifiably relied upon Plaintiff's promise in the Contract to insure Plaintiff's interest in the Vehicle and relied upon Plaintiff to advise State Farm of Plaintiff's lien on the Vehicle and to designate Plaintiff as an additional insured or loss payee of the insurance proceeds such that any check issued by State Farm would have been made jointly payable to Plaintiff and Defendant so as not to be negotiable by Defendant alone.

15. In that Defendant did not and has not satisfied the indebtedness due Plaintiff under the Contract, the described insurance proceeds are Plaintiffs' property and the above-described indebtedness was obtained by the Defendant through false pretenses, false representations and/or actual fraud.

16. As the direct and proximate cause of Defendant's actions as described above, Plaintiff has incurred damages in an amount according to proof but, in any event, no less than $16,746.41 plus any additional costs and charges due Motors including, but not limited to, charges for storage, all of which should be determined to be exempt from Defendant's general discharge.

### SECOND CAUSE OF ACTION

### 11 U.S.C. §523(a)(4)

17. Plaintiff restates the allegations contained in the foregoing paragraphs and incorporates

them herein by this reference.

18. Plaintiff is informed and believes and thereon alleges that in acting as described herein Defendant absconded with and diverted Plaintiff's insurance proceeds for his own personal purposes by way of embezzlement or larceny.

19. As the direct and proximate cause of Defendant's actions as described above, Plaintiff has incurred damages in an amount according to proof but, in any event, no less than $16,746.41 plus any additional costs and charges due Motors including, but not limited to, charges for storage, all of which should be determined to be exempt from Defendant's general discharge.

### THIRD CAUSE OF ACTION
### 11 U.S.C. §523(a)(6)

20. Plaintiff restates the allegations contained in the foregoing paragraphs and incorporates them herein by this reference.

21. Plaintiff is informed and believes and thereon alleges that in acting as described herein Defendant acted willfully and maliciously to injure Plaintiff or Plaintiff's interest in property.

22. As the direct and proximate cause of Defendant's actions as described above, Plaintiff has incurred damages in an amount according to proof but, in any event, no less than $16,746.41 plus any additional costs and charges due Motors including, but not limited to, charges for storage, all of which should be determined to be exempt from Defendant's general discharge.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. That the above-described debt owing to Plaintiff by Defendant be deemed non-dischargeable within the scope and purview of 11 U.S.C. §§523(a)(2)(A), 523(a)(4) and 523 (a)(6);

2. That a money judgment in favor of Plaintiff and against Defendant be entered in an amount according to proof, plus interest at the applicable rate;

//

//

//

//

3. For costs of suit incurred herein including an award of reasonable attorney's fees; and

4. For such other relief as the Court deems just and proper.

Dated: October 25, 2022         COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: _____
RANDALL P. MROCZYNSKI
Attorney for Plaintiff

---

6

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

2505.8347  3884467.1